UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KAREL MIRANDA,
A-243-112-532

                    Petitioner,

        v.

WARDEN, CALIFORNIA CITY
CORRECTIONAL CENTER,

                    Respondent.

No.  1:26-cv-02680-TLN-DMC-HC

FINDINGS AND RECCOMENDATIONS

Petitioner, a former immigration detainee, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. See ECF No. 1.

Petitioner was initially detained on August 30, 2022. See ECF No. 12-1, pg. 2. Seven days later, Petitioner was released on parole by Department of Homeland Security. See id. Petitioner applied for asylum due to fear of persecution in her home country of Nicaragua. See id. Petitioner asserts she was denied due process when she was re-detained on October 15, 2025, without notice or a pre-deprivation bond hearing. See ECF No. 1, pg. 3.  The court directed Respondents to file a reply. See ECF No. 7. Respondents filed an answer to the petition for writ of habeas corpus and an opposition to all relief. See ECF No. 11. Subsequently, Petitioner filed a motion for temporary restraining order. See ECF No. 12.

/ / /

1

The District Judge granted Petitioner's motion for temporary restraining order. See ECF No. 13. In granting the temporary restraining order, the Court found that Petitioner established a likelihood of success on the merits of her due process claim. See id. The Court ordered Respondents to immediately release Petitioner under the same conditions she was previously released on and enjoined and restrained Respondents from re-detaining Petitioner absent specific protections. See id. The matter was referred to the undersigned for further proceedings. The court ordered the parties to inform the court if the matter was submitted or if they sought additional briefing. See ECF No. 15. Respondents filed a notice indicating they rested on their prior brief. See ECF No. 16.

The undersigned has evaluated the petition, the parties' arguments, and the record in this case. The Court finds, for the reasons addressed in the District Judge's order, ECF No. 13, and in other cases, see Sarfaraz Mohammed v. Murray, No. 1:25-CV-01761-TLN-DMC-HC, 2026 LX 11020, WL 124866 (E.D. Cal. Jan. 15, 2026), report and recommendation adopted, No. 1:25-CV-01761-TLN-DMC, 2026 WL 311864 (E.D. Cal. Feb. 5, 2026), that Petitioner's re-detention without notice or a pre-deprivation bond hearing violated the Due Process Clause of the Fifth Amendment. Therefore, the undersigned will recommend the petition be granted.

///
///
///
///
///
///
///
///
///
///
///
///

2

Based on the foregoing, the undersigned RECOMMENDS that the petition for writ of habeas corpus, ECF No. 1, be GRANTED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  Thus, within 7 days after being served with these findings and recommendations, any party may file written objections with the Court.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 9, 2026

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

3