UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

KAREL M.,[1]

Petitioner,

v.

WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER,

Respondent.

No. 1:26-cv-02680-TLN-DMC

**ORDER**

Petitioner, a former immigration detainee, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The matter was referred to a United States Magistrate Judge pursuant to Eastern District of California local rules.

On July 10, 2026, the magistrate judge filed findings and recommendations herein which were served on the parties, and which contained notice that the parties may file objections within the time specified therein. (ECF No. 17.) Respondent filed timely objections to the findings and recommendations, objecting for the reasons set forth in their prior briefing. (ECF No. 18 (citing ECF Nos. 11, 16).)

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, the Court conducted a *de novo* review of this case. Having reviewed the file, the Court finds the findings and recommendations to be supported by the record and by the magistrate judge's analysis.

Accordingly, IT IS HEREBY ORDERED as follows:

1. The findings and recommendations filed July 10, 2026 (ECF No. 17) are ADOPTED in full.

2. Petitioner's petition for writ of habeas corpus (ECF No. 1) is GRANTED.

3. Respondent is ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where the government bears the burden to show by clear and convincing evidence that material changed circumstances demonstrate: (a) a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) the government's interest in protecting the public and/or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention. At any such hearing, Petitioner shall be allowed to have counsel present.

4. The Clerk of the Court is directed to enter judgment in favor of Petitioner and close this file.

IT IS SO ORDERED.

Date: July 21, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE